IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JUL 1 2 2018

TERESA A. NANRY,

          Plaintiff,

v.                                                          CIVIL ACTION NO. 2:17-cv-83

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

          Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Teresa A. Nanry's ("Plaintiff") objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ADOPTED**, the Acting Commissioner of the Social Security Administration's ("Defendant" or "Acting Commissioner") motion for summary judgment is **GRANTED**, and Plaintiff's motions for summary judgment and remand are **DENIED**.

## I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income on January 31, 2013, and February 15, 2013, respectively, and alleged that due to post-traumatic stress disorder ("PTSD"), anxiety, depression, and other back related problems, she became disabled on November 30, 2012. R. 294-308, 367. The Acting Commissioner denied Plaintiff's application first, and again after reconsideration. R.90-153, 208-09.

At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on this matter on March 9, 2015, and again denied the benefits. R. 64-89, 154-66. The case was further appealed and on July 15, 2015, the Appeals Council vacated the ALJ's decision and remanded the case. R.173-75. The ALJ was directed to "[g]ive further consideration to the claimant's maximum mental residual functional

1

capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations . . . ." *Id.* After a second hearing, the ALJ denied Plaintiff's claim for benefits on December 18, 2015. R. 22-37. On January 6, 2017, the Appeals Council denied Plaintiff's request to review the decision, thereby making the ALJ's ruling the final decision of the Acting Commissioner. R. 1-6.

On February 8, 2017, Plaintiff, through counsel, filed a complaint seeking the Court's review of the ALJ's decision. ECF No. 1. The Acting Commissioner filed an Answer on June 8, 2017. ECF No. 4. Plaintiff filed a Motion for Summary Judgment and a Motion to Remand on July 7, 2017, and Defendant filed a response in opposition and its own motion for summary judgment on August 7, 2017. ECF Nos. 8-12. On January 31, 2018, a United States Magistrate Judge filed an R&R, and recommended that Plaintiff's Motions for Summary Judgment and Remand be denied and Defendant's Motion for Summary Judgment be granted. ECF No. 13. On February 14, 2018, Plaintiff filed Objections to the R&R. ECF No. 14. On February 26, 2018, Defendant filed a response in opposition to the objections. ECF No. 15. This matter is now ripe for disposition and does not require a hearing.

## II. STANDARD OF REVIEW

A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "de novo" requirement means that a district court judge must give "fresh consideration to those issues [in the R&R] to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 675 (1980); *see Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge . . . ."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

A district court reviewing an administrative decision under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* (internal quotation and citations omitted).

In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner or the Commissioner's designate. *Id.* The ALJ's findings as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

### III. DISCUSSION

Plaintiff raises two objections to the R&R: 1) the ALJ failed to properly weigh the medical opinion evidence; and 2) the ALJ failed to properly evaluate Plaintiff's credibility. ECF No. 14. After a full review of the record and the parties' briefs, the Court, having given fresh consideration to the Magistrate Judge's findings, holds that the ALJ's decision was supported by substantial evidence. Therefore, for that reason and additional reasons discussed below, the Court **ADOPTS** the R&R.

<u>1. Medical Opinion Evidence</u>

Plaintiff first objects to the Magistrate Judge's finding that the ALJ did not err when it rejected the opinions from treating physicians Dr. Bryan and Dr. Zane regarding her mental impairments. Specifically, Plaintiff argues that the ALJ improperly rejected the opinions of psychiatrist Dr. Bryan and psychologist Dr. Zane, while giving too much weight to the opinion of non-examining state agency mental health experts. *See* ECF Nos. 14 at 2–6; *see also*, No. 10 at 12–17.

The Social Security Administration ("SSA") follows a five-step analysis in determining disability claims and considers whether the claimant is: (1): engaged in substantial gainful activity; (2) suffers from a medically severe impairment; (3) the impairment meets or medically equals one of the SSA's listed

3

impairments; (4) the impairment prevents performance of any past relevant work in light of the residual functional capacity ("RFC")[1]; and (5) if the claimant can perform any other work considering his or her RFC, age, education, and work experience. *See* 20 C.F.R. § § 404.1520(a), 416.920(a).

In making the determination of a claimant's RFC, all relevant medical and other evidence should be considered. *Id.* at §§ 404.1545(a), 404.1527(a)(1). Moreover, controlling weight will be given to a treating doctor's opinion so long as the opinion is "not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(c)(2). However, even where the treating doctor's opinion is not given controlling weight, the opinion is still entitled to deference and must be weighed using all of the factors provided by the regulations. *Id.* The weighing factors are: 1) the examining relationship, giving more weight to a source that examined the claimant; 2) the nature and extent of the treatment relationship; 3) the supportability of the opinion with evidence; 4) the consistency with the rest of the record; 5) specialization of the doctor; and 6) any other factors which tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c)(1)-(6); 20 C.F.R. § 416.927(c)(1)-(6).

Having carefully reviewed the record, the Court rejects Plaintiff's argument that the ALJ failed to properly weigh the medical opinion evidence. First, the Court finds that the record supports the ALJ's decision not to give controlling weight to treating providers Drs. Bryan and Zane. Here, the ALJ considered all the relevant evidence together and found that their opinions were either inconsistent with their own examination findings or the overall evidence of record. *See* R.30–35. Finding that the ALJ's decision was supported by substantial evidence, the Court ends its inquiry here as precedent dictates that the Court does not re-weigh conflicting evidence or substitute its judgment for that of the ALJ, so long as the ALJ's findings are supported by "substantial evidence" and are reached through application of the correct legal standard. *See Craig*, 76 F.3d at 589 (holding that in reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner or the Commissioner's designate such as an ALJ).

---

[1] A claimant's RFC refers to the maximum ability to work despite his or her limitations. *See* 20 C.F.R. § 404.1545, 416.945.

4

Second, the Court finds that after correctly deciding not to give controlling weight to these opinions, the ALJ gave consideration of these opinions in accordance with the appropriate legal standard. Here, after determining that controlling weight was not appropriate, the ALJ still gave the opinions of Dr. Bryan and Zane appropriate deference and consideration in accordance with the factors provided in 20 CFR 404.1527 (c) and 416.927 (c). First, the ALJ explained the weight assigned to the medical opinion as required and indicated that it gave "little weight" to Dr. Bryan's and Dr. Zane's opinions. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (citations omitted) (discussing that a court cannot determine if findings are unsupported by substantial evidence unless the hearing officer explicitly indicates the weight given to all relevant evidence); R. 34. Moreover, the ALJ also provided ample explanation to justify its conclusion. For example, with respect to Dr. Bryan, the ALJ gave the opinions little weight because they were inconsistent with Dr. Bryan's own findings. *Id.* Likewise, the ALJ gave Dr. Zane's opinion little weight, because it was inconsistent with the overall evidence of the record. *Id.*

In addition, although the ALJ did not specifically recite each factor verbatim, the Court finds sufficient evidence demonstrating that the ALJ evaluated and considered the medical opinion evidence of these physicians. For example, the ALJ discussed Dr. Zane's treatment relationship with Plaintiff including initial intake examination notes, the medical source statement, and the results of the Minnesota Multiphasic Personality Inventory ("MMPI") test of adult personality and psychopathology. *Id*; 541-46. Similarly, the ALJ also discussed Dr. Bryan's background and credentials, the extent of the treating relationship, and his treatment records and source statements from 2013 through 2015. R.28 –30, 32–34. Moreover, the ALJ also considered and ultimately accepted some or all of Dr. Bryan's and Dr. Zane's diagnoses and recommended courses of action relating to Plaintiff's: depression, anxiety, PTSD and attention deficit disorder; daily activity capacity; and improvement and capacity to return to work. R. 28–30, 35, 511, 513–18, 561, 602-05. In sum, the Court finds that the ALJ applied the correct legal standard. Here, the ALJ indicated the weight it gave to the treating physicians' opinions and also provided ample

justification supporting the decision. The ALJ also appropriately weighed the opinion evidence in accordance with the legal standard and the findings were supported by substantial evidence.[2]

## 2. Plaintiff's Credibility

Plaintiff's second objection is that the ALJ failed to properly evaluate Plaintiff's credibility. Specifically, Plaintiff argues that the ALJ erred by finding that Plaintiff's testimony concerning her impairments was not credible.

"The determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing 'the existence of a medical impairment(s) . . . *which could reasonably be expected to produce the pain or other symptoms alleged.*' " *Craig*, 76 F.3d at 594 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)) (emphasis in original). "At this stage of the inquiry, the pain claimed is not directly at issue; the focus is instead on establishing a determinable underlying impairment . . . which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." *Id.* Plaintiff has established that such impairment exists in this case.

In the second step of this determination process, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* Further, "[a]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence,

---

[2] The Court also finds that the ALJ properly weighed the testimony of the non-examining state officials because there was sufficient evidence to support their findings. *See Kyle v. Cohen*, 449 F.2d 489, 492 (4th Cir.1971 (holding that testimony of a non-examining physician can be relied upon when it is consistent with the record).

6

including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Id.*

Here, the ALJ determined that Plaintiff's testimony about her impairments was not credible because her characterization of the symptoms was inconsistent with the "objective medical evidence" in the record and with Plaintiff's own descriptions of tasks she was able to perform. R. 31–34. The Court finds that the ALJ's decision is supported by the substantial evidence and it was reached through the application of the correct legal standard. Further, the determination is explained sufficiently in the ALJ's decision. Therefore, the Court must defer to the ALJ's decision and will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ, and thus Plaintiff's argument fails.

## IV. CONCLUSION

This Court has independently reviewed the record in this case and the objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the R&R, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on January 31, 2018. Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motions for summary judgment and remand are both **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July /2, 2018

Raymond A. Jackson
United States District Judge